UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL E. WOLFE, | ) | C/A No. 4:20-0244-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| Nfn. Churray, | ) | |
| Officer Kayla Shervey, | ) | ORDER |
| Nfn. Mocccabello, | ) | |
| Nfn. Caldwell, *Sgt.* | ) | |
| Nfn. Perks, *Lt.* | ) | |
| Nfn Lasley, *Captain*, | ) | |
| Nfn Toth, *Captain,* | ) | |
| Jimmy Pacheco, *licensed clinical psychiatrist,* | ) | |
| Kathy Wyant, *Human Servs. Coord.,* | ) | |
| Nfn Early, *Associate Warden*, | ) | |
| Donna Ashley-Harouff, *nurse*, | ) | |
| Amy Enloe, *field nurse practitioner*, | ) | |
| Nfn Glen, *deputy warden*, | ) | |
| Nfn Osborne, *registered nurse*, | ) | |
| Thomas Overman, *registered nurse*, | ) | |
| Dr. McRee, | ) | |
| Nfn Welch, *transportation sgt.*, | ) | |
| L. Harris, *registered nurse*, | ) | |
| Ashley Grimsley, *registered nurse*, | ) | |
| Katherine Burgess, *registered nurse*, | ) | |
| James Smith, *Human Services Coordinator* | ) | |
| Nfn Palmer, *Captain/Unit Manager,* | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed *pro se* by Michael E. Wolfe ("Plaintiff"). This matter is currently before the court on numerous Motions to Compel filed by the Plaintiff. In each of the motions, Plaintiff does not deny that the Defendants responded to the

1

discovery but argues that the answers were not sufficient. The court has reviewed the motions and the responses.

The Defendants indicate at times that "they do not remember." In many circumstances, that may be an inadequate response pursuant to Fed.R.Civ.P. 33. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." See Fed.R.Civ.P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." See Fed.R.Civ.P. 33(b)(4). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa. 1996) quoting Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D.Pa.1977). If only some of the information is available, that information must be provided, and may be prefaced with a statement placing the answer in context. Additionally, several of these interrogatories have been answered stating the information has been requested and Defendants reserved the right to supplement the responses. Because adequate time has passed for supplemental responses to be completed, the court has indicated these responses to be inadequate and granted the motion to compel.

As to Request for Production of Documents, Fed.R.Civ.P. 34 requires a party

2

to produce only those documents that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). However, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." <u>Goodman v. Praxair Servs., Inc.</u>, 632 F.Supp.2d 494, 515 (D. Md. 2009)(citation and internal quotation marks omitted). Defendants are directed to produce the requested materials or explain why they do not have "possession, custody, or control" (as it is defined in the case law) of this discovery within fifteen days of the date of this order.

Therefore, the following Motions to Compel and Request for Production are granted in part, and the Defendant(s)[1] are to provide the Plaintiff with supplemental responses to the discovery pursuant to Fed. R. Civ. P. 33 and 34 as listed below within fifteen days of the date of this order; if the responses cannot be supplemented, Defendants are to describe the efforts made to obtain the documentation, the reasons the documentation cannot be obtained, and/or the reasons why it would pose a security risk, within fifteen days from the date of this order:

    1.    ECF No.76:    First Request for Production:[2] Nos. 3, 4, 5, 6, 7, 8,

---

[1] Plaintiff's Motions to Compel and Request for Production are each directed to a different Defendant(s). Defendants must provide supplemental responses accordingly.

[2] Defendants should respond whether they have possession, custody, or control of the requested documents pursuant to Rule 34. The court cannot compel a party to produce documents

        9, 10, 11[3]

| | | |
|---|---|---|
| 2. | ECF No.77: | Interrogatories Nos. 1 |
| 3. | ECF No.78: | Interrogatories Nos. 1, 2 (a)(b), 4(a)(b), 5, 6, 7(b), 9 |
| 4. | ECF No.79: | Interrogatories Nos. 1(a), 2(b), 5, 6, 11(b), 12(a) |
| 5. | ECF No. 80: | Interrogatories Nos. 1, 2, 3(a)(b), 4(a)(b), 7(a)(b), 8(b), 10, 11 |
| 6. | ECF No. 81: | Interrogatories Nos. 1, 2, 3(a)(b), 4(a)(b) |
| 7. | ECF No. 82: | Interrogatories Nos. 1, 2, 3(a)(b), 4, 5(a)(b), 6, 7, 8(a)(b), 9, 10, 11(a)(b) |
| 8. | ECF No. 83: | Interrogatories Nos. 1(b), 2(a), 4 |
| 9. | ECF No. 84: | Interrogatories Nos. 1, 2, 3(a)(b), 5, 6, 7, 8(a)(b) |

---

it does not possess. Machinery Solutions, Inc. v. Doosan Infracore America Corporation, 323 F.R.D. 522 (D.S.C. 2018). When determining whether a party has the right, authority, or practical ability to obtain documents from nonparties, a court may consider (1) corporate structure of the party or nonparty; (2) nonparty's connection to the transaction at issue; (3) the degree that the nonparty will benefit from the outcome of the case; (4) whether related entities exchange documents in the ordinary course of business; (5) whether the nonparty has participated in the litigation; (6) common relationships between the party and its related nonparty entity; (7) ownership of the nonparty; (8) overlap of directors, officers, and employees; (9) financial relationship between entities; (10) relationship of parent corporation to underlying litigation; and (11) agreements between entities. Flame S.A. v. Industrial Carriers, Inc., 39 F. Supp. 3d 752 (E.D. Va. 2014). Where a party lacks actual physical possession of requested documents, it must nevertheless produce them if legally entitled to the documents or practically able to obtain them. Gross v. Lunduski, 304 F.R.D. 136 (W.D. N.Y. 2014).

    [3] As to Requests to Produce ECF No. 76, Nos. 4, 5, 8 and 11, any information not pertaining to Plaintiff may be redacted.

    10.    ECF No. 85:    Interrogatory Nos. 1, 4(a)(b), 6

    11.    ECF No. 86:    Interrogatories Nos. 1, 7, 10

    12.    ECF No. 87:    Interrogatories Nos. 1, 3(a), 5, 11

    13.    ECF No. 88:    Interrogatories Nos. 1, 3(a) (b)

    14.    ECF No. 105:    Interrogatories as to Osborne Nos. 2,4,5,6
                                        Interrogatories as to Overman Nos. 2,3,4,5

Because the Defendants' responses are adequate as to the following discovery requests, the Motions to Compel are denied as follows:

    1.    ECF No. 77:    Interrogatories No. 3(b)

    2.    ECF No. 78:    Interrogatories Nos. 3, 7(a), 8

    4.    ECF No. 80:    Interrogatories Nos. 8(a), 9,

    6.    ECF No. 83:    Interrogatories Nos. 6, 7, 9[4]

    8.    ECF No. 86:    Interrogatories Nos. 8(a)(b)

    9.    ECF No. 105:    Interrogatory as to Osborne No. 3
                                          Interrogatory as to Overman No. 6

---

[4] In ECF No. 83, Interrogatories Nos. 7 and 9 are overly broad as they contain no date restriction, subject matter restriction, and fails to define the parameters. Therefore, the Motion to Compel with respect to Nos. 7 and 9 are denied.

    10.    ECF No. 106:    Request for Production Nos. 1, 2, 3[5]

## Conclusion

For the reasons set forth above, Plaintiff's Motions to Compel are granted in part and denied in part as to ECF Nos. 77, 78, 80, 83, 86, and 105. Plaintiff's Motions to Compel ECF Nos. 76, 79, 81, 82, 84, 85, 87, and 88 are granted and Motion to Compel ECF No. 106 is denied as set forth above.

IT IS SO ORDERED.

                                                          s/Thomas E. Rogers, III

August 6, 2020                                       Thomas E. Rogers, III
Florence, South Carolina                  United States Magistrate Judge

---

[5] Based on Request for Production ECF No. 76, Plaintiff has received the medical records requested in this Motion for Production. If Plaintiff has already received copies of the medical records requested, the responses in ECF No. 106 are adequate.