UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael E. Wolfe,                    ) | C/A No. 4:20-0244-SAL-TER |
|                                      ) | |
|                Plaintiff,    ) | |
|                                      ) | |
| vs.                                  ) | |
| Nfn. Churray,                        ) | |
| Officer Kayla Shervey,               ) | ORDER |
| Nfn. Mocccabello,                    ) | |
| Nfn. Caldwell, *Sgt.*                ) | |
| Nfn. Perks, *Lt.*                    ) | |
| Nfn Lasley, *Captain*,               ) | |
| Nfn Toth, *Captain,*                 ) | |
| Jimmy Pacheco, *licensed clinical psychiatrist,* ) | |
| Kathy Wyant, *Human Servs. Coord.,*  ) | |
| Nfn Early, *Associate Warden*,       ) | |
| Donna Ashley-Harouff, *nurse,*       ) | |
| Amy Enloe, *field nurse practitioner,* ) | |
| Nfn Glen, *deputy warden*,           ) | |
| Nfn Osborne, *registered nurse,*     ) | |
| Thomas Overman, *registered nurse,*  ) | |
| Dr. McRee,                           ) | |
| Nfn Welch, *transportation sgt.,*    ) | |
| L. Harris, *registered nurse,*       ) | |
| Ashley Grimsley, *registered nurse,* ) | |
| Katherine Burgess, *registered nurse,* ) | |
| James Smith, *Human Services Coordinator* ) | |
| Nfn Palmer, *Captain/Unit Manager,*  ) | |
| Defendants.                          ) | |
|                                      ) | |
|                                      ) | |
|                Defendants.   ) | |
| _____  ) | |

This is a civil action filed *pro se* by Michael E. Wolfe ("Plaintiff"). This matter is currently before the court on three Motions to Compel filed by the Plaintiff. In each of the motions, Plaintiff does not deny that the Defendants Enloe, Harris, and Ashley-

1

Harouff (hereinafter Defendants) responded to the discovery but argues that the answers were not sufficient. The court has reviewed the motions and the responses.

**ECF No.128: Interrogatories to Donna Ashley-Harouff**:

Interrogatories 9, 11, 12, 14, and 16.

9.  Question:   In your response to #6 (First Set of Interrogatories) you said Plaintiff stated he had blood in his urine and burning when he urinates, what did you do to treat these issues?

    Response:   Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment

11. Question:   In our response to # 7 (First Set of Interrogatories) you stated that you verified by your physical examination that Plaintiff had a palpable lump on his testicle, what did you do to treat this issue?

    Response:   Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment

12. Question:   In your documented encounter with the Plaintiff on 8/9/18 did Plaintiff inquire about further treatment of his left foot?

| | | |
|---|---|---|
| | Response: | Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment |
| 14. | Question: | Have you ever ordered Plaintiff any physical therapy/rehabilitation services? |
| | Response: | Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment |
| 16. | Question: | Have you ever ordered Plaintiff ortho clinic services? |
| | Response: | Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment |

**ECF No. 129:   Interrogatories to NFN Enloe:**

Interrogatories 21, 22, 24:

21. Question:    On 7/31/18 did you sign off on a documented encounter where Plaintiff saw Nurse Osborne for a right foot injury where Nurse Osborne, through a physical examination, verified a 5cm circular bruised area on Plaintiff's right foot which Plaintiff informed Nurse Osborne he was attempting to exercise in his cell when he heard something pop in his foot and nurse Osborne documented this?

Response: Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment

22. Question: Did you ever see the Plaintiff, or sign off on a documented encounter, regarding his left peroneal neuropathy "(foot drop") and pain resulting from his "foot drop."

Response: Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment

24. Question: If inmates are given their prescribed medications like they're supposed to what is the reason for "reordering" a prescription?

Response: This Defendant cannot answer a hypothetical question such as this.

**ECF No. 130: Interrogatories to NFN Harris:**

Interrogatories 10, 12, 14 and 15

10. Question: In your response to #3 (First Set of Interrogatories) you stated Plaintiff complained of "having terrible nerve pain" to his left leg. What did you do to treat this issue?

4

|     |           |                                                                                                                                                                                                                                                       |
| --- | --------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | Response: | Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment   |
| 12: | Question: | Have you ever ordered Plaintiff any physical therapy/rehabilitation services?                                                                                                                                                                           |
|     | Response: | Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment.  |
| 14: | Question: | Have you ever ordered Plaintiff ortho clinic serves:                                                                                                                                                                                                    |
|     | Response: | Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment.  |
| 15. | Question: | On 8/14/18 did you generate a document stating Plaintiff injured his right foot from trying to work out in his cell?                                                                                                                                    |
|     | Response: | Please see the medical records of the Plaintiff covering February of 2018 through March of 2019 that were served upon you with Defendants' Responses to Plaintiff's First Request for Production of Documents for the Plaintiff's course of treatment   |

## **Analysis/Ruling**

Plaintiff's motion to compel ECF No. 129, question 24, is denied. Defendant Enloe's response to said interrogatory is adequate as it is an overbroad hypothetical

question.

In their responses to the Motion to Compel, Defendants stated the following:

> Federal Rules of Civil Procedure, Rule 33(d), allows a party to provide business records in lieu of responding to an interrogatory, this Defendant has no independent recollection of the encounters inquired of by the Plaintiff. Therefore, the best response to these interrogatories are the medical records provided to the Plaintiff in response to his first request for production of documents.

Rule 33(d) states as follows:

(d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Defendants responded to the above interrogatories by simply craving reference to medical records for a period of about thirteen months without identifying a specific record by date, bates stamp or page number where the answer to the interrogatory was located. A party is required to answer each interrogatory, to the extent it is not

objected to, separately and fully in writing under oath pursuant to the Federal Rules of Civil Procedure Rule 33(b)(3). While a response pursuant to Rule 33(d) may be sufficient, the undersigned finds that referencing the medical records as a whole for a period of over a year does not comply with Rule 33(b)(3).[1] Defendants should identify any particular medical record responsive to the particular interrogatory within fifteen days of the date of this order.

Therefore, based on the above reasoning, Plaintiff's Motions to Compel (ECF Nos. 128 and 130) are granted and Plaintiff's Motion to Compel (ECF No. 129) is granted in part and denied in part.

IT IS SO ORDERED.

August 26, 2020
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

---

[1] A party answering an interrogatory invoking the option to produce business records must specify the information that the requesting party should review in sufficient detail to enable the requesting party to locate and identify the information in the documents at least as readily as the answering party. The response should point to specific documents, by name or bates number, rather than pointing generally to document productions. Samsung Electronics America, Inc. v. Yang Kun Chung, 321 F.R.D. 250 (N.D. Tex. 2017). See also Hege v. Aegon USA, LLC, 2011 WL 1119871 (D. S.C. Mar. 25, 2011), ("[T]he burden on the respondent must be significant; information that can readily be found by simple reference to documents is insufficient.")