UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL E. WOLFE, | ) | C/A No. 4:20-0244-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| Nfn. Churray, | ) | |
| Officer Kayla Shervey, | ) | ORDER |
| Nfn. Mocccabello, | ) | |
| Nfn. Caldwell, *Sgt.* | ) | |
| Nfn. Perks, *Lt.* | ) | |
| Nfn Lasley, *Captain*, | ) | |
| Nfn Toth, *Captain,* | ) | |
| Jimmy Pacheco, *licensed clinical psychiatrist,* | ) | |
| Kathy Wyant, *Human Servs. Coord.,* | ) | |
| Nfn Early, *Associate Warden*, | ) | |
| Donna Ashley-Harouff, *nurse*, | ) | |
| Amy Enloe, *field nurse practitioner*, | ) | |
| Nfn Glen, *deputy warden*, | ) | |
| Nfn Osborne, *registered nurse*, | ) | |
| Thomas Overman, *registered nurse*, | ) | |
| Dr. McRee, | ) | |
| Nfn Welch, *transportation sgt.*, | ) | |
| L. Harris, *registered nurse*, | ) | |
| Ashley Grimsley, *registered nurse*, | ) | |
| Katherine Burgess, *registered nurse*, | ) | |
| James Smith, *Human Services Coordinator* | ) | |
| Nfn Palmer, *Captain/Unit Manager,* | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed *pro se* by Michael E. Wolfe ("Plaintiff"). This matter is currently before the court on numerous Motions to Compel filed by the Plaintiff.

In each of the motions, Plaintiff does not deny that the Defendants responded

1

to the discovery but argues that the answers were not sufficient. The court has reviewed the motions and the responses.

**ECF No. 206**

In the Motion to Compel production of documents, (ECF No. 206), Plaintiff asserts that Defendants did not produce for inspection and copying the documents requested in Request to Produce Numbers 7 and 8. Each will be discussed.

> Request #7:   Identify and attach a copy of any and all records from the SCDC's Division of Classification and Inmate Record for Plaintiff from February of 2018- March of 2019.
>
> Response:   Objection. Irrelevant, unduly burdensome, not likely to lead to admissible evidence. Plaintiff is not entitled to any specific classifications or housing assignments.

In the motion to compel, Plaintiff argues that the "request is relevant, is necessary, and is only pertaining to the Plaintiff. Plaintiff has a valid due process 'liberty interest' claim and depriving him of his own classification records will deprive him of material evidence regarding that claim." Defendants responded as follows:

> The requested detailed information is irrelevant. Plaintiff does not complain of his SCDC classification within his complaint. He alleges his hand was closed an a door flap, he received inadequate treatment of his chronic testicular cysts and neuropathy, was strip-searched in front of 3 men and 3 women and involuntarily committed to the

psychiatric hospital on two occasions. The Plaintiff continues on his fishing expedition to add more Defendants whose names appear in his records until the time for discovery has run.

In his complaint, Plaintiff alleges he was moved to the psychiatric hospital on two occasions for retaliation for filing another case. Therefore, this Motion to Compel is granted to the extent Defendants are to provide Plaintiff with the documentation requested except for any parts that are deemed restricted and/or a security risk. If there are parts deemed restricted and/or a security risk, Defendants are to include with their response an explanation for any redaction sufficiently describing why the redaction was made. Defendants are to provide Plaintiff with the requested documentation within fifteen days of the date of this order.

> Request #8:    Identify and attach a copy of any and all documents and records located in Plaintiff's Warden Jacket from February 2018-March 2019.
>
> Response:      Objection. Overly burdensome, not sufficiently limited in time and scope.

In the Motion to Compel, Plaintiff argues that the request is not overly burdensome and that he has requested documents from a specified time, the time of his claims. Plaintiff asserts that he is entitled to any and all documents from his warden jacket regarding the times of his alleged violations.

In their response to the Motion, Defendants argue that the requested information

3

is irrelevant, that Plaintiff continues on a fishing expedition to add other defendants, that Plaintiff makes no complaints that would be addressed by the Warden's record, and information contained therein would present a security risk to officers and staff.

This Motion to Compel Request No. 8 is granted to the extent Defendants are to provide a copy of the documents and records located in Plaintiff's Warden jacket from February 2018-March 2019 to the Plaintiff within fifteen days or provide to the court for review by affidavit or other appropriate evidence detailing the reasons why these reports "would present a security risk to officers and staff." If there is a security risk, Defendants are to provide more information as the type of risk in the affidavit to the court.


**ECF No. 207**

In the Motion to Compel, (ECF No. 207), Plaintiff asserts that Defendants did not provide sufficient responses to Interrogatory numbers 3, 4, 5, and 6 directed to Defendant Harris. Each will be discussed.

ECF # 207 Interrogatories 3 and 4:

> Interrogatory #3:   After Plaintiff went to USC Neurology from Perry's RHU on 2/28/18 was he supposed to follow up with USC Neurology in 90 days?
>
> Answer:             This Defendant does not know the answer to this interrogatory.

>   Interrogatory #4:    After Plaintiff went to USC Neurology from Perry's RHU on 2/28/18 did he have to wait 8 months for his follow-up appointment?
>
>   Answer:    This Defendant does not know the answer to this interrogatory.

In Plaintiff's motion to compel (ECF No. 207), he argues that "these answers are evasive and or incomplete and through exercising due diligence and reflection of the record these answers can be provided."

Defendants responded to the motion to compel stating that Defendant Harris has "no independent recollection of the encounters inquired to by the Plaintiff, therefore, the best response to these interrogatories are the medical records provided to the Plaintiff in response to his first request for production of documents." (ECF No. 215).

Defendants responded to the motion by simply craving reference to medical records without identifying a specific record by date, bates stamp or page number where the answer to the interrogatory was located. A party is required to answer each interrogatory, to the extent it is not objected to, separately and fully in writing under oath pursuant to the Federal Rules of Civil Procedure Rule 33(b)(3). While a response pursuant to Rule 33(d) may be sufficient, the undersigned finds that referencing the medical records as a whole for a period of over a year does not comply with Rule

33(b)(3).[1] Therefore, the Motion to Compel with regard to Interrogatories #3 and #4 is granted. Defendants should identify any particular medical record responsive to the particular interrogatory within fifteen days of the date of this order.

> Interrogatory # 5:   If an inmate has a outside follow-up appointment with the Neurologist set for 90 days is it typical for this inmate to have to wait 8 months before he's able to go to this appointment?
>
> Answer:   This Defendant does not know the answer to this interrogatory.
>
> Interrogatory #6:   If an inmate's outside medical appointment has to be re-scheduled, what is the typical length of time this inmate will have to wait on the re-scheduled appointment? (You don't have to give an exact amount of time only an estimate).
>
> Answer:   This Defendant does not know the answer to this interrogatory. This Defendant has not researched an "average" time for receiving rescheduled appointments. Appointments are frequently rescheduled for various reasons.

In the Motion to Compel, Plaintiff argues that "[t]his Defendant is a registered nurse who is a seasoned SCDC Medical personnel with experience therefore through

---

[1] A party answering an interrogatory invoking the option to produce business records must specify the information that the requesting party should review in sufficient detail to enable the requesting party to locate and identify the information in the documents at least as readily as the answering party. The response should point to specific documents, by name or bates number, rather than pointing generally to document productions. Samsung Electronics America, Inc. v. Yang Kun Chung, 321 F.R.D. 250 (N.D. Tex. 2017). See also Hege v. Aegon USA, LLC, 2011 WL 1119871 (D. S.C. Mar. 25, 2011), ("[T]he burden on the respondent must be significant; information that can readily be found by simple reference to documents is insufficient.")

due diligence a answer can be provided, its not broad and is asked in a specified fashion." (ECF No. 207). Defendant's response to the motion was that "[t]his Defendant answered these hypothetical questions to the best of her ability." (ECF No. 215).

The Motion to Compel is denied with respect to Interrogatories Nos. 5 and 6. Defendant Harris states that she does not know the answer to the hypothetical questions. Based on the broad, open-ended hypothetical question presented, Defendant Harris has adequately responded to Interrogatories #5 and #6.

**ECF No. 227**

In the Motion to Compel (ECF # 227), Plaintiff requests that the court compel Defendants to respond to Interrogatories Nos. 1-5.

| | |
|---|---|
| Interrogatory No. 1: | Identify and attach a copy of Perry CI's RHU duty roster for the night of August 7, 2018, which specifies each officers duty post. |
| Supplemental Response: | Objection. Irrelevant not likely to lead to admissible evidence. Plaintiff has not indicated there are officers names he does not know and is merely fishing for names to amend his complaint again. |
| Interrogatory #2: | Identify and attach a copy of Perry CI's RHU duty roster for the day of January |

| | |
|---|---|
| | 2, 2019. which specifies each officers duty post. |
| Supplemental Response: | Objection. Irrelevant not likely to lead to admissible evidence. Plaintiff has not indicated there are officers names he does not know and is merely fishing for names to amend his complaint again. |
| Interrogatory #3: | Identify and attach a copy of Perry CI's RHU duty roster for the night of January 2, 2019, which specifies each officers duty post. |
| Supplemental Response: | Objection. Irrelevant not likely to lead to admissible evidence. Plaintiff has not indicated there are officers names he does not know and is merely fishing for names to amend his complaint again. |
| Interrogatory #4: | Identify and attach a copy of Perry CI's RHU duty roster for the date of January 3, 2019 which specifies each officers duty post. |
| Supplemental Response: | Objection. Irrelevant not likely to lead to admissible evidence. Plaintiff has not indicated there are officers names he does not know and is merely fishing for names to amend his complaint again. |
| Interrogatory #5: | Identify and attach a copy of Perry CI's RHU duty roster for the dat of October 17, 2018, which specifies each officers duty post. |
| Supplemental Response: | Objection. Irrelevant not likely to lead to admissible evidence. Plaintiff has not |

>indicated there are officers names he does not know and is merely fishing for names to amend his complaint again.

In the Motion to Compel, Plaintiff asserts that he has requested the duty rosters for the dates only related to his claims. Plaintiff asserts that he attached Exhibit D4 which is a letter to the Defendants' counsel which reflects him making a second attempt to have them produce the records by "telling them he is not going to amend the complaint again" and the documents in question are directly related to the Plaintiff's claims. (ECF No. 227).

In Defendants' response, they assert that the requested information is irrelevant in that Plaintiff has already named defendants in this matter and avers by both letter and his motion that he is not seeking more names to add additional defendants to this case. Further, they state that "[w]hile Plaintiff asserts he will not attempt to amend this complaint, he has filed several other lawsuits, many of which have been dismissed, it is possible he is seeking inmates to file another suit." (ECF No. 229). Defendants assert that Plaintiff has already named the defendants and alleged how they violated his rights. Defendants argue that he can learn nothing more from a duty roster except who reported in for work on what day and for what shift, the roster will not provide any confirming information as to whether the officer assigned to a certain post was actually at that post at the time Plaintiff complains of, the officer could be transporting

another inmate to medical, taking a break, collecting meal trays, or performing some other duty. Defendants assert that a release of a duty roster to an inmate represents a security risk to officers and staff as well as to other inmates as Plaintiff will be apprised of the institution's staffing protocols and habits at various posts within the facility. Defendants assert that this "information should not be available to this inmate or to any other inmate who may be able to get access to this piece of produced discovery documentation."

This Motion to Compel as to Interrogatories Nos. 1-5 is denied. Defendants have set forth with specificity why providing the requested information would be a security threat to the institution and staff. Plaintiff has only generally stated that this information is necessary to show who was working at which post but has not specified why this information is relevant to his case at this juncture to overcome the security threat.

## **CONCLUSION**

Therefore, based on the above reasoning, Plaintiff's Motions to Compel (ECF Nos. 206 and 207) are granted in part and denied in part and Plaintiff's Motion to Compel (ECF No. 227) is denied as set forth above.

    IT IS SO ORDERED.

February <u>5</u>, 2021  
Florence, South Carolina

<u>s/Thomas E. Rogers, III</u>  
Thomas E. Rogers, III  
United States Magistrate Judge