UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL E. WOLFE, | ) | C/A No. 4:20-0244-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| Nfn. Churray, | ) | |
| Officer Kayla Shervey, | ) | ORDER |
| Nfn. Mocccabello, | ) | |
| Nfn. Caldwell, *Sgt.* | ) | |
| Nfn. Perks, *Lt.* | ) | |
| Nfn Lasley, *Captain*, | ) | |
| Nfn Toth, *Captain,* | ) | |
| Jimmy Pacheco, *licensed clinical psychiatrist,* | ) | |
| Kathy Wyant, *Human Servs. Coord.,* | ) | |
| Nfn Early, *Associate Warden*, | ) | |
| Donna Ashley-Harouff, *nurse*, | ) | |
| Amy Enloe, *field nurse practitioner*, | ) | |
| Nfn Glen, *deputy warden*, | ) | |
| Nfn Osborne, *registered nurse*, | ) | |
| Thomas Overman, *registered nurse*, | ) | |
| Dr. McRee, | ) | |
| Nfn Welch, *transportation sgt.*, | ) | |
| L. Harris, *registered nurse*, | ) | |
| Ashley Grimsley, *registered nurse*, | ) | |
| Katherine Burgess, *registered nurse*, | ) | |
| James Smith, *Human Services Coordinator* | ) | |
| Nfn Palmer, *Captain/Unit Manager,* | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed *pro se* by Michael E. Wolfe ("Plaintiff"). This matter is currently before the court on Motions to Compel filed by the Plaintiff (ECF Nos. 259 and 260). In each of the motions, Plaintiff does not deny that the Defendants

1

responded to the discovery but argues that the answers were not sufficient. Defendants filed a response in opposition. The court has reviewed the motions and the responses.

**ECF No. 259**

In the Motion to Compel production of documents, (ECF No. 259), Plaintiff asserts that Defendants did not produce for inspection and copying the documents requested in Request to Produce Numbers 1, 2 and 3. These requests are as follows:

> Request 1:   Identify and attach a copy of Perry CI's duty roster for the date of October 17, 2018, showing what staff was assigned to what location.
>
> Request 2:   Identify and attach a copy of Perry CI's duty roster for the date of January 2, 2019 showing what staff was assigned to what location.
>
> Request 3:   Identify and attach a copy of Perry CI's duty roster for the night of January 3, 2019 showing what staff was assigned to what location.

In their response to the Motion, Defendants argue that Plaintiff previously filed a motion to compel in relation to requesting the duty rosters which was denied by the court (See ECF Nos. 227 and 249). Defendants assert the same response as in the previous motion that Plaintiff can learn nothing from a duty roster except who reported for work on that day and for what shift; that the roster will not provide any information as to whether the officer assigned to a certain post was actually at that post at the time Plaintiff complains of as the officer could be transporting another

2

inmate to medical, taking a break, collecting meal trays or performing some other duty; and, that releasing the duty roster represents a security risk to officers and staff as well as to other inmates as Plaintiff will be apprised of the institution's staffing protocols and habits at various posts within the facility.

Plaintiff filed a reply with an attachment asserting that in response to his Third Request for Production in this action Defendants produced a copy of Perry's Rapid Response Team's duty roster from January 3, 2019. (ECF No. 272). Plaintiff argues that if the duty roster poses a substantial security risk they would not have previously produced a copy of it for production. (Id.).

Defendants are correct that Plaintiff previously raised the same issue which was denied in an order filed February 5, 2021. (ECF No. 249).  This motion to compel (ECF No. 259) is denied for the same reasons the court previously denied the request in its order of February 5, 2021. (ECF No. 249). Also, Plaintiff fails to show that such disclosures should be made under Rule 26(b)(1), Fed.R.Civ.P.

**ECF No. 260**

In Plaintiff's motion to compel (ECF No. 260), Plaintiff asserts three different Defendants did not provide answers to the discovery that he deemed sufficient.

Defendants filed a response in opposition and Plaintiff filed a reply. (ECF Nos. 260 and 271).The motion to compel as to each Defendant will be addressed:

## **DEFENDANT BOCCABELLO**

| | |
|---|---|
| Interrogatory 2: | Were you working as an officer in Perry's RHU C-Dorm on January 2, 2019? |
| Answer: | I don't remember. |
| Interrogatory 3: | Have you ever witnessed inmate Wolfe go to law computer in C-Dorm while you were working? |
| Answer: | I don't remember. |
| Interrogatory 4: | Did you escort Plaintiff from his RHU cell to the law computer in C-Dorm on January 2, 2019? |
| Answer: | I don't remember. |
| Interrogatory 6: | On January 2, 2019, was Plaintiff made to leave C-Dorm's law computer, forfeit his legal materials and go on crisis intervention (suicide watch) in B-Dorm? |
| Answer: | I don't remember. |
| Interrogatory 7: | Is it true that before Plaintiff was escorted to the law computer on January 2, 2019 he was in a regular lock-up cell in C-dorm X-wing with all his lock-up property he's allowed (mental health radio, mattress, jumpsuit, boxers, socks, towel, cup, spoon, legal box and legal supplies)? |
| Answer: | I don't remember. |
| Interrogatory 8: | Isn't it true that on January 2, 2019 once Plaintiff left his lock-up cell and went to the law computer once he left the law computer all his property was taken and he was forced to go to a crisis intervention (suicide watch) cell which was stripped out with no property? |

Answer:              I don't remember.

Interrogatory 9:     During the time of the claims on January 2, 2019 was B-Dom Z-wing used for crisis intervention (Suicide watch)?
Answer:              I don't remember.

Interrogatory 10:    Did you escort Plaintiff from C-Dorm's law computer to Perry's RHU B-Dorm's Z-wing on January 2, 2019?
Answer:              I don't remember.

Interrogatory 12(a): Was Plaintiff strip searched B-Dorm's Z-wing on January 2, 2019 once escorted there form C-Dorm's law computer?
Answer:              I don't remember.

Interrogatory 12(b): Did you strip search Plaintiff on January 2, 2019?
Answer:              I don't remember.

Interrogatory 13:    Why was Plaintiff not allowed to keep his prosthetic leg brace and orthopedic shoes after he was strip searched on January 2, 2019?
Answer:              I don't remember. If Plaintiffs are placed in protective custody or crisis intervention, the materials they have access to are limited.

Interrogatory 15:    After January 2, 2019 did you ever personally place inmate at the law computer while you were working?
Answer:              I don't remember.

In the response to the motion, Defendants assert that as to Interrogatories 2, 3, 4, 6, 7, 8, 9, 10, 12 (a) and (b), 13 and 15, Defendant Boccabello clearly stated he does not remember this encounter and therefore cannot agree to Plaintiff's assertions about

5

the alleged encounter. (ECF No. 265). Further, Defendants argue that even if it happened as Plaintiff described, this Defendant has found no documentation which he has access to within the South Carolina Department of Corrections which provides missing details about the alleged encounter or jogs his memory.

The Defendant Boccabello indicates that "I don't remember." In many circumstances, that may be an inadequate response pursuant to Fed.R.Civ.P. 33. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." See Fed.R.Civ.P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." See Fed.R.Civ.P. 33(b)(4). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa. 1996) quoting Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D.Pa.1977). If only some of the information is available, that information must be provided, and may be prefaced with a statement placing the answer in context. Therefore, the Motion to Compel is granted as to interrogatory numbers 2, 3, 4, 6, 7, 9, 10, 12(a)and (6), 13 and 15 as set forth above. The Defendants are to provide the Plaintiff with supplemental responses to the discovery pursuant to Fed. R. Civ. P. 33 within fifteen days of the date of this order; if the responses cannot

be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.

> Interrogatory 16:   During the time of these claims were Perry's RHU shower doors bar-doors made of spaced out steel bars that are completely see-through from left-to-right and top to bottom?
>
> Answer:              I know there are bars on shower doors.

In the Motion to Compel, Plaintiff argues that the answer is incomplete because he did not ask if there were bars on the shower doors, he asked the "make of the shower door in its entirety." (ECF 260 at 2). Defendant Boccabello responded that he is under no duty to examine the dorm shower doors.

Defendant Boccabello did not file a complete responsive answer to this Interrogatory 16. Thus, Defendant Boccabello is directed to respond to the interrogatory as to whether or not the bars are "Completely see-through from left to right and top to bottom." If Defendant does not know the answer to this Interrogatory, Defendant Boccabello is to supplement this response pursuant to Rule 33 of the Federal Rules of Civil Procedure. As set forth above, "[i]f a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he

used to obtain the information.'"  Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa. 1996) quoting Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D.Pa.1977). If only some of the information is available, that information must be provided, and may be prefaced with a statement placing the answer in context. Therefore, the Motion to Compel is granted as to Interrogatory 16 and Defendant Boccabello is to supplement his response within fifteen days of the date of this order.

## DEFENDANT WELCHEL

    Interrogatory 2:    Were you working as a transportation Sergeant at Perry on October 17, 2018?
    Answer:    I don't remember

    Interrogatory 6:    On October 17, 2018 did you transport inmate Wolfe (Plaintiff) from Perry's RHU to USC Neurology then to Gilliams Psychiatric Hospital (GPH)?
    Answer:    This Defendant does not recall.

    Interrogatory 7:    Were you working on Perry's Rapid Response Team (Red Team) on January 2, 2019?
    Answer:    This Defendant does not recall.

Defendant Welchel responded to the motion to compel asserting that he clearly states that he cannot remember the encounter and therefore he cannot agree to Plaintiff's assertions about he alleged encounter. (ECF No. 265). Defendant argues that even if an encounter happened as Plaintiff described, it would not generate an incident report or some other form providing the Defendant with the missing details

about the alleged encounter. (Id.). Therefore, Defendant argues that if no reports were generated and he has no independent memory of the events, he cannot agree to Plaintiff's recitation of alleged events.  (Id.).

As set forth above, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." See Fed.R.Civ.P. 33(b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity." See Fed.R.Civ.P. 33(b)(4). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'"   Hansel, supra (internal quotations omitted).  If only some of the information is available, that information must be provided, and may be prefaced with a statement placing the answer in context. Therefore, the Motion to Compel is granted as to Interrogatory numbers 2, 6, 7 as set forth above. The Defendants are to provide the Plaintiff with supplemental responses to the discovery pursuant to Fed. R. Civ. P. 33 within fifteen days of the date of this order; if the responses cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.

> Interrogatory 3(a):     On October 17, 2018 you cuffed inmate Wolfe (plaintiff) in front of his B-x-#7 RHU cell, after in restraints you informed Plaintiff he was going to the neurologist then he would

|  |  |
|---|---|
|  | be transported to Gilliams Psychiatric hospital, after he was told this Plaintiff told you he wanted to refuse the transportation run and wanted to be placed back in his cell and you told him that he had no choice his going to GPH was mandatory, why was this? |
| Answer: | This defendant does not know what Plaintiff is referencing and can't answer this Interrogatory as posed |
| Interrogatory 3(b): | Why would you not let him refuse the transportation run? |
| Answer: | This defendant does not know what Plaintiff is referencing and can't answer this Interrogatory as posed. |

Plaintiff's Motion to Compel is granted with respect to Interrogatories 3(a) and 3(b). If only some of the information is available, that information must be provided, and may be prefaced with a statement placing the answer in context. The Defendants are to provide the Plaintiff with supplemental responses to the discovery pursuant to Fed. R. Civ. P. 33 within fifteen days of the date of this order; if the responses cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.

## **DEFENDANT PALMER**

| Interrogatory 2: | Were you Captain (Unit Manager) of Perry's RHU B-Dorm during the time of October 17, 2018? |
|---|---|
| Answer: | I don't remember. |

| | |
|---|---|
| Interrogatory 5: | Has the Plaintiff ever been to the law computer in your unit while you were working? |
| Answer: | I don't remember. |
| Interrogatory 7: | Did you work on Perry's Rapid Response Team (Red Team) on January 2, 2019? |
| Answer: | I don't remember. |
| Interrogatory 8: | Did you participate in any Rapid Response Team (Red Team) activities at Perry on January 2, 2019? |
| Answer: | I don't remember. |
| Interrogatory 8: | Did you and a use of force team, who were all Rapid Response Team personnel, equipped with helmets, shields, batons, chemical munitions and a digital camera march in formation to Plaintiff's crisis intervention cell in B-Dorm X-wing on the morning of January 2, 2019 and place Plaintiff in restraints and move him to the transportation van? |
| Answer: | I don't remember. |

In Defendant Palmer's response to the motion to compel, he argues that he has no recollection of the events as described, has reviewed all relevant materials to which he has access, if such events had happened as Plaintiff described, an incident report would have been generated with those details, and Plaintiff calling him a liar does not refresh his memory nor require him to agree with Plaintiff's version of the alleged events. (ECF No. 265 at 2 of 5).

"The grounds for objecting to an interrogatory must be stated with specificity." See Fed.R.Civ.P. 33(b)(4). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable

to provide the information and 'set forth the efforts he used to obtain the information.'" Hansel, supra (internal quotations omitted). If only some of the information is available, that information must be provided, and may be prefaced with a statement placing the answer in context. Therefore, the motion to compel is granted as to Interrogatories 2, 5, 7, 8, and 9.

## **CONCLUSION**

Therefore, based on the above reasoning, Plaintiff's Motions to Compel (ECF Nos. 259 and 260) are granted as set forth above.

IT IS SO ORDERED.

April 1, 2021  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge