IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael E. Wolfe, | ) | Case No.: 4:20-cv-0244-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Nfn. Churray, | ) | |
| Officer Kayla Shervey, | ) | |
| Nfn. Mocccabello, | ) | |
| Nfn. Caldwell, *Sgt.* | ) | |
| Nfn. Perks, *Lt.* | ) | |
| Nfn Lasley, *Captain*, | ) | |
| Nfn Toth, *Captain,* | ) | |
| Jimmy Pacheco, *licensed clinical psychiatrist,* | ) | |
| Kathy Wyant, *Human Servs. Coord.,* | ) | |
| Nfn Early, *Associate Warden*, | ) | |
| Donna Ashley-Harouff, *nurse,* | ) | |
| Amy Enloe, *field nurse practitioner*, | ) | |
| Nfn Glen, *deputy warden*, | ) | |
| Nfn Osborne, *registered nurse,* | ) | |
| Thomas Overman, *registered nurse*, | ) | |
| Nfn. McRee, | ) | |
| Nfn Welch, *transportation sgt.*, | ) | |
| L. Harris, *registered nurse*, | ) | |
| Ashley Grimsley, *registered nurse*, | ) | |
| Katherine Burgess, *registered nurse*, | ) | |
| James Smith, *Human Services Coordinator* | ) | |
| Nfn Palmer, *Captain/Unit Manager,* | ) | |
| Dominic M. Boccabello, | ) | |
| Sgt. Charles B. Welchel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with three Reports and Recommendations ("Reports and Recommendations" or "Reports") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South

1

Carolina.[1]  (DE 323, 325, and 326.)  Plaintiff Michael E. Wolfe ("Plaintiff" or "Wolfe"), proceeding *pro se*, brought this lawsuit under 42 U.S.C. § 1983, alleging violations of his constitutional rights by the captioned Defendants arising out of, among other things, inadequate medical care at South Carolina Department of Corrections' ("SCDC") Perry Correctional Institution ("PCI").  Pending before the Court are three motions for summary judgment: (1) by Defendants Nfn Osborne and Thomas Overman (280); (2) by Defendants Donna Ashley-Harouff, Dominic M. Boccabello, Katherine Burgess, Nfn Caldwell, Nfn Churray, Nfn Early, Amy Enloe, Nfn Glen, L Harris, Nfn Lasley, Nfn McRee, Jimmy Pacheo, Nfn Palmer, Nfn Perks, Kayla Shervey, James Smith, Nfn Toth, Charles B. Welchel, and Kathy Wyant (283); and (3) by Defendant Ashley Grimsley (286).  As the Plaintiff is proceeding *pro se*, the court issued orders, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Wolfe of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (DE 284 and 288.)  The motions are now ripe for review.

## BACKGROUND

The Reports and Recommendations set forth the applicable facts and details, and the Court incorporates those facts herein.  For the sake of brevity, the Court provides the following summation.

In the amended complaint, Plaintiff alleges that he was seen by PCI medical personnel on several occasions for testicular cysts starting in July 2018.  As to Defendant Ashley Grimsley ("Grimsley"), Wolfe alleges he only saw Grimsley on one occasion, August 23, 2018, in the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

medical unit for a lump on his testicle, blood in his urine, and burning upon urinating for which he requested an ultrasound be ordered. Wolfe alleges that Nurse Grimsley did not treat the issue or initiate steps into treating or resolving the problem with his testicular mass, only that she referred him to be seen by the nurse practitioner. Specifically, Plaintiff asserts in his response that "Nurse Grimsley signed off on a document on August 10, 2018, reguarding (sic) a sick call visit on 8/9/18 with Nurse Harouff in which I complained of pain in my left foot, right knee, blood and burning when I urinate, a palpable lump on my testicle and inquired about treatment of my left foot (left peroneal neuropathy), this is the first time Grimsley became personally aware of these issues." (DE 301-1, p. 1.) Plaintiff argues that he submitted a sick call request in which he complained about extreme pain in the right testicle causing abdominal and pelvic pain for which the antibodies was not helping. He also stated in the sick call request form that he had a knot in his ankle and no feeling in his left leg. Nurse Grimsley signed that she received the sick call request form on August 23, 2018, the same day she saw him in sick call. In her capacity as a staff nurse,[2] Grimsley took Plaintiff's vital signs, which were within normal range, and routed the encounter note she made to the nurse practitioner to address Plaintiff's report of testicular pain and mass. (DE 286.) Grimsley informed Plaintiff that the x-ray for his foot and ankle was scheduled, but it would take time because he was held in lock-up which requires additional security personnel to transport an inmate to appointments in lock-up and SCDC policy prevents Grimsley from providing the inmate with his exact appointment date for safety and security reasons. (DE 286.)

Plaintiff's SCDC medical records reflect that he was seen by Nurse Practitioner Defendant Amy Enloe ("NP Enloe") on September 18, 2018, for his right testicular mass and that Grimsley

---

[2] As a staff nurse working sick call, Grimsley attests that she assesses inmates for specific complaints made during their visit and refers them to a higher level of care, such as an SCDC physician, physician's assistant, or nurse practitioner, for additional orders when the complaint is outside her scope of practice. (Id.)

3

was not involved in that visit. (DE 286-4.) It is not within the scope of a registered nurse to order tests or imaging, prescribe medication, order physical therapy or rehabilitation, order pain management treatment, or perform treatment modalities not authorized by SCDC. (Id.) Grimsley had no further contact with Plaintiff regarding any complaints raised in this action. (Id.)

As it relates to Defendants Nurse Osborne and Nurse Overman, Plaintiff was physically examined by Nurse Osborne on July 30, 2018, and Nurse Overman between the end of July 2018, and early August 2018. (DE 110.) Wolfe complained of a palpable lump on his right testicle and he informed them of the blood and burning upon urination. (Id.) Plaintiff alleges since he arrived at PCI he was to have appoints with the neurologist every ninety days for left peroneal neuropathy, which is a permanent nerve injury in his left leg from the foot to the knee. (Id.) Wolfe Defendants Osborne and Overman, as well as other medical personnel, intentionally delayed his return to the neurologist by eight months as part of retaliation for his filing grievances and complaints against SCDC employees. (Id.) Plaintiff contends that comments were made that the paperwork he was filing was causing the delay to see the neurologist. (Id.) Lastly, Plaintiff alleges that neither Defendant Osborne nor Overman followed the neurologist recommendations, specifically the orders to receive physical therapy or rehabilitation, thereby, showing medical indifference. (Id.). Plaintiff attempted to exercise in his cell but experienced extreme pain and received additional injuries trying. (Id.)

As it relates to Defendants Ashley-Harouff, Boccabello, Burgess, Caldwell, Churray, Earley, Enloe, Glenn-Evelyn, Harris, Lasley, McRee, Pacheco-Perez, Palmer, Perks, Shervey, Smith, Toth, Welchel, and Wyant, Plaintiff makes the following allegations: Wolfe alleges that Defendants Enloe, Harouff and Harris were deliberately indifferent to his complaints of testicular pain, foot pain, and with the follow-up to the neurologist. (DE 110.) Wolfe asserts that Dr. McRee

4

prescribed a medicine he told the medical department he could not take and refused to provide rehabilitation and pain management as recommended by the neurologist. (Id.) As to Defendant Burgess, Wolfe alleges medical indifference due to delaying the scheduling of his neurologist appointments since she does the outside scheduling. (Id.) Mental health professionals Smith and Wyant violated his rights by placing him on crisis intervention several times when not needed. (Id.) Defendant Palmer was part of a rapid response team that removed Wolfe from one area of the prison to another and was involved in a strip search of Wolfe in front of female officers. (Id.) Defendant Churray used excessive force when he slammed his hand in the food flap and denied him medical attention. (Id.)

Defendants Toth, Lasley, Boccabello, Perks, Shervey, Caldwell and Palmer removed him from the area where he was researching on the law computer requiring him to leave his legal materials and placing him on crisis intervention when it was not warranted. (Id.) Sergeant Welch tricked him into being placed into restraints by telling him he was going to the neurologist and then taken to Gilliam Psychiatric Hospital (GPH) for involuntary commitment without adequate notice of the transfer. (Id.) Medical Defendants Pacheco, McRee, Ashley-Harouff, Harris, Burgess and mental health Defendants Wyant and Smith, did not provide him with adequate and proper medical care. (Id.) Wolfe asserts that Smith, Dr. Pacheco-Perez, Early, Glen, and Welch violated his due process rights by placing him in GPH without a hearing to stagnate his litigation as retaliation. (Id.) Wolfe asserts that "associate Warden Early, Deputy Warden Glen, Cpt. Toth, Cpt. Lasley, Sgt. Perks, Sgt. Caldwell, Officer Boccabello, Officer Shervey, Dr. Pacheco, mental health Ms. Wyant, Mr. Smith (my mental health counselor), Cpt. Palmer (Rapid Response Team),. . . were responsible for my due process (liberty interest) regarding my unconstitutional transfer to GPH on Jan. 3rd 2019 and all conditions stemming from that unjust transfer." (DE 110, p. 28.)

Wolfe alleges that he received scarring and permanent swelling in all four fingers on his right hand, that due to deliberate medical indifference he suffered severe pain from two cysts on his testicles, that he suffered mental and emotional damage due to being publicly stripped naked and stripped of his prosthetic leg brace where he had to "hobble" while completely naked in front of a group of females and inmates, and that he suffered mental and emotional damage due to being forced to GPH with no due process or penological justification where "I had to sleep, eat and shower with waste, feces, vomit, and urine scatted and smeared about," and "extreme pain for a substantial amount of time due to the deliberate indifference regarding the pain management and punctual follow-ups of my left peroneal neuropathy (nerve injury)." (DE 110, p. 41.)

## DISCUSSION

Although Wolfe has filed objects to the Reports and Recommendations, to be actionable, objections to the Reports must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and

6

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of the objections by Plaintiff and Defendants, as applicable, are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate arguments. However, the court has identified the following specific objections, which will be addressed herein.

Wolfe makes the following objections:

**Objections as to Defendant Ashley Grimsley**

Plaintiff objects to the portion of the applicable Report (DE 323) that relates to Defendant Ashley Grimsley and Wolfe's failure to exhaust his administrative remedies. Wolfe states he "ceased persuing (sic) the Step 1 Grievance. . . due to him being threatened he would not receive medical treatment for his testicular cyst extreme pain, blood in his urine, and burning when he urinates unless he ceased persuing (sic) his grievance and engaging in his protected conduct." (DE 329, p. 3.) The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). Wolfe cites to Moore v. Bennett, which states, "an administrative remedy is not considered to have been available if a prisoner through no fault of his own, was prevented from availing himself of it." 517 F.3d 717, 725 (4th Cir. 2008). Here, there is no evidence in the record to suggest Nurse Grimsley prevented Wolfe from continuing a Step 2 grievance. Plaintiff has not exhausted his administrative remedies with regard to the allegations against Nurse Grimsley because Plaintiff accepted the Warden's decision and did not file a Step Two grievance. (DE 110, pp. 60-61.) The other Step One grievance that Plaintiff relies on, Grievance No. BRCI-0758.19, was dated by Plaintiff on August 19, 2019, and received by the

administration and filed on August 26, 2019, which is beyond the five day time limit of filing a grievance with regard to Wolfe seeing Nurse Grimsley on August 23, 2018.[3]  (DE 110, p. 56.) Accordingly, the Court overrules Plaintiff's exhaustion objection.

Wolfe also objects to the Report's recommendation that Plaintiff has not shown a "serious medical need" and Nurse Grimsley did not display "deliberate indifference" towards Wolfe's medical needs. (DE 329, p. 7.)  Wolfe contends Nurse Grimsley could have provided medical q-tips, gauze, and triple antibiotic ointment, an icepack, a heat pack, and non-prescription pain reliever. (DE 329, p. 8.)  However, mistakes of medical judgment are not subject to judicial review in a § 1983 action. See Russell v. Sheffer, 528 F. 2d 318, 319 (4th Cir. 1975).  Here, Plaintiff fails to show that he was denied medical treatment by Defendant Grimsley.  Plaintiff personally saw Grimsley on one occasion in which he complained about testicular pain and stated that the antibiotic, Cipro, prescribed by Nurse practitioner Enloe was not working. Considering the evidence in light most favorable to the Plaintiff, Nurse Grimsley was aware of pain in his ankle and foot, based on signing the sick call form. However, it was noted in Grimsley's encounter that the Plaintiff inquired as to the status of scheduling of a previously ordered x-ray of his foot and ankle.  Defendant Grimsley saw Plaintiff and noted his pain, that he stated the mass had not enlarged since the previous examination, checked on the x-ray that had been ordered, and routed a note to the nurse practitioner to see Plaintiff for the complaints of continued testicular pain. Plaintiff does not allege Nurse Grimsley refused to see him, only that he disagreed with what she did or did not do during that visit on August 23, 2018. Grimsley took vitals, talked with Plaintiff,

---

[3]     This Step One grievance pertains to Plaintiff requesting to be referred to a pain specialist arguing that "Dr. McRee, Nurse Harris, and Nurse Practitioner Enloe" (DE 110, p. 56) failed to refer him to a pain specialist as recommended by the doctor at USC Neurology, which Grimsley as a nurse had no authority to refer Plaintiff out to a pain specialist and this was not his request when he saw Grimsley on August 23, 2018.

and referred him to be seen by the nurse practitioner since a nurse is not allowed to prescribe medication or order tests. Based on the medical records, Plaintiff received medical care even though it may not have been the medical care he so desired.

Wolfe also objects to the Report's finding that Wolfe's claim for retaliation equally fails. As to claims of retaliation, "[i]n order to state a colorable retaliation claim under Section 1983, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (internal quotation marks and alterations omitted). To state a claim for retaliation under § 1983, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Assuming Plaintiff could meet the first prong by filing the Step 1 grievance, Plaintiff fails to allege conduct beyond Nurse Grimsley's allegedly deliberately indifferent conduct. As stated above, there is insufficient evidence to prove deliberate indifference on Nurse Grimsley's part, and the Court, therefore, overrules this objection.

Lastly, Wolfe objects to the applicable Report's recommendation of qualified immunity for Grimsley and dismissal of Plaintiff's request for injunctive relief again based on deliberate indifference to his medical needs;[4] however, there is insufficient evidence in the record to

---

[4] Plaintiff requested that an injunction be entered providing Plaintiff a "seperation" against all named Defendants in this action and "an injunction ordering that SCDC shall provide adequate medical treatment regarding any issues that stem from his left peroneal neuropathy." (DE 110, pp. 41-42.) Under the Winter standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.' " Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Here, Plaintiff requests that in the future he be provided "adequate" medical treatment to permanently resolve his testicular masses and be provided medical treatment regarding any issues that stems from his left peroneal neuropathy. There are no specific requests of what Plaintiff

9

demonstrate deliberate indifference and these objections are equally overruled for the reasons set forth in the applicable Report.

### Objections as to Defendants Nfn Osborne and Thomas Overman

Wolfe also objects to the applicable Report and Recommendation (DE 326) recommending dismissal of Plaintiff's medical indifference claims for his testicular cyst and left peroneal neuropathy as to Defendants Osborne and Overman based on Plaintiff's failure to exhaust his administrative remedies. (DE 335, pp. 2-6.) For the reasons stated above as to Nurse Grimsley, claims for medical indifference of registered nurses Osborne and Overman equally fail,[5] and summary judgment is appropriate.

Second, Plaintiff objects to the Report and Recommendation recommending dismissal of Plaintiff's retaliation claims as to Overman and Osborne because they told him that they would not provide "adequate" medical treatment until he stopped pursuing his grievances and pending lawsuit; however, the record does not support Plaintiff's position. (DE 335, pp. 6-7.) Instead, Plaintiff asserts conclusory allegations of retaliation as to Overman and Osborne. Additionally, Plaintiff was seen in medical by Defendants Overman and Osborne and referred to the nurse practitioner because they had no authority as nurses to order tests or make referrals, regardless of Plaintiff's contention that Nurse Practitioner Ensloe was retaliating against Wolfe and withholding medical treatment. Plaintiff has failed to provide any competent evidence as to any alleged retaliation by delay or any specific delay induced by Overman and Osborne when they referred

---

believes the court should grant as "adequate" medical treatment or what problems may arise in the future with regard to Nurse Grimsley. Plaintiff's request for injunctive relief should be denied.

[5]     As it relates to Nurses Overman and Osborne, Plaintiff alleges they knew that Nurse Practitioner Ensloe was retaliating against him for filing grievances; however, the Court is not persuaded that the Plaintiff has demonstrated such beyond making bald allegations.

him to higher medical that could order referrals or additional testing. Plaintiff has not provided anything other than conclusory allegations. Therefore, the Court overrules this objection.

### Objections as to Remaining Defendants

1. Transfer Without Due Process

Plaintiff' objects to the applicable Report's (DE 325) recommendation that Defendant Welchel, *transportation sgt.*, be dismissed because he specifically alleged in his verified complaint that (DE 110) Welchel transported Wolfe by van from PCI to GPH, which constitutes personal involvement sufficient to deny the motion for summary judgment as to Welchel. (DE 334, p. 3.) The Court agrees and declines to adopt this portion of the applicable Report (DE 325) as it relates to Welchel.

2. Retaliation

Plaintiff further objects to the applicable Report's (DE 325) recommendation that the motion for summary judgment be denied as to only Defendants Smith, Pacheco-Perez, Earley, Glen, Welchel, and Toth. (DE 334, p. 4.) Specifically, Plaintiff objects to the dismissal of Defendants Lasley, Perks, Boccachello, and Shervey because he alleges he provided sufficient evidence of retaliation being present and personally involved in a strip search of Plaintiff in retaliation. (DE 334, p. 4.) The Court agrees. Since these Defendants have not addressed Wolfe's retaliation claims in their motion for summary judgment, the Court denies summary judgment with regard to the retaliation claims as to Defendants Smith, Pacheco-Perez, Early, Glen, Welchel, Toth, Lasley, Perks, Boccachello, and Shervey.

3. Medical Indifference

Specifically, Wolfe objects to Defendants Harouff and Harris, *registered nurses*, not providing him with medical q-tips, gauze, and triple antibiotic ointment, an icepack, a heat pack, and non-prescription pain reliever. (DE 329, p. 8.) However, to reiterate, mistakes of medical judgment are not subject to judicial review in a § 1983 action. See Russell v. Sheffer, 528 F. 2d

318, 319 (4th Cir. 1975). Although Wolfe also objects to the dismissal of Defendant Katherine Burgess, *registered nurse*, due to her delay in scheduling Wolfe for his 90-day follow up appointment with neurology. However, the applicable Report sets forth the evidence in the record showing that Burgess attempted to schedule the three month follow-up for May but could not get an appointment until later in August. (DE 325, p. 33.) Then, the August appointment was rescheduled to October by the neurologist's office not Burgess. Plaintiff has not shown any intentional delay on the part of Defendant Burgess with regard to scheduling. Therefore, the Court overrules this objection.

    4.   Eleventh Amendment Immunity

Plaintiff objects to the applicable Report's recommendation of dismissal on the basis of SCDC employee's eleventh amendment immunity. However, Plaintiff misconstrues this Report. The Report (DE 325) finds that Eleventh Amendment immunity applies only to monetary damages for the SCDC employees in their official capacities. To the extent there are viable claims against the Defendants in their individual capacities, those claims remain, and the Court overrules Wolfe's objection.

**Remaining Defendants' Objections**

The Remaining Defendants, as applicable, also object to the Report and Recommendation at Docket Entry 325 related to the following claims: Excessive Force – Churray; Due Process - Earley, Smith, Wyant, Pacheco-Perez; Strip Search - Toth, Shervey, Caldwell, Lasley, Perks, Boccabello; Retaliation - Smith, Pacheco-Perez, Earley, Glenn-Evelyn, Welchel, Wyant;[6] Medical

---

[6] Defendants did not addressed Wolfe's retaliation claims in their motion for summary judgment. Therefore, the Court denies summary judgment with regard to the retaliation claims as to Smith, Pacheco-Perez, Early, Glen, Welch, and Toth. Although Defendants submitted an affidavit of Dr. Pacheco-Perez with their motion, it substantiated the medical indifference argument, but there was no mention of retaliation in their motion.

Indifference - Enloe, McRee;[7] *Respondeat Superior* - Earley, Glenn-Evelyn. (DE 330.) The applicable Report and Recommendation comprehensively and in detail addressed each of these arguments. For example, as it relates to the excessive force claim, Defendants did not submit an affidavit from Churray or any other officer present regarding the Excessive Force claims; Defendants simply argue that there is no indication that the hand injury was caused by Defendant Churray and "there is no incident report or grievance about the matter." (DE 325, p. 12.) At best, there is a fact issue with regard to the excessive force claim. Further, as it relates to the due process claim, Defendants did not submitt any affidavits from the officers either admitting or denying taking part in the transfers as alleged or evidence of who is responsible for arranging a notice and hearing to comply with due process rights. (DE 325, p. 15.) Therefore, the Court overrules these objections.

Accordingly, after a thorough review of the Reports and Recommendations and the record in this case, the Court adopts the Reports and Recommendations at Docket Entries 323 and 326 and adopts, as modified, the Report and Recommendation at Docket Entry 325.

It is, therefore, **ORDERED** that Defendants' nurses Ashley Grimsley, Nfn Osborne, and Thomas Overman's motions for summary judgment (DE 280 and 286) are granted and, therefore, Grisley, Osborne, and Overman are dismissed as parties. The remaining Defendants' motion for summary judgment (DE 283) is granted in part and denied in part as provided herein, and Defendants Donna Ashley-Harouff, L. Harris, and Katherine Burgess are dismissed as parties.

**IT IS SO ORDERED**.

Greenville, South Carolina
February 23, 2022

Joseph Dawson, III
United States District Judge

---

[7] Defendants did not address Wolfe's specific allegations with regard to the delay in treatment of the testicular cysts causing increased pain in their motion.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within sixty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.